CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
FEB 1 3 2006
JOHN F. CORCORAN, CLERK
BY: Fay Collman
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:04-CR-00047-09 |
| v. | |
| RICHARD KNAJIB JOHNS, | OPINION & ORDER |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Transcript, filed February 6, 2006. Defendant is indigent, and has been appointed counsel. He requests that a transcript of the trial be prepared, and that the Court authorize his obtaining the transcript as an allowed expense under the Criminal Justice Act ("CJA").

This multi-defendant case was tried in November 2005 prior to Defendant's arrest, and ended with a mistrial on November 30, 2005. The second trial is scheduled to commence on May 8, 2006.

The duty of the government to provide indigent criminal defendants with the tools necessary to preparation of an adequate defense is grounded in the Constitution and in statute. *See generally Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (noting that the State must as a matter of equal protection provide an indigent defendant with a transcript of prior proceedings

when that transcript is needed for an effective defense)[2]; 18 U.S.C. §3006A(e)(1) (stating that if a person is unable to afford them, the court shall authorize counsel to obtain "investigative, expert, or other services necessary for adequate representation . . . ."). In cases involving an indigent defendant's claim of right to a free transcript, two factors deemed relevant to the determination of need include "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Britt*, 404 U.S. at 227. "Where a mistrial has occurred, courts have generally regarded a transcript of the prior trial as a tool 'reasonably necessary' to an effective defense and have deemed it error to refuse to provide the defendant with such a transcript, provided that a timely request is made for its production." *United States v. Rosales-Lopez*, 617 F.2d 1349, 1355-56 (9th Cir. 1980) (collecting cases).

In *United States v. Talbert*, 706 F.2d 464 (4th Cir. 1983), the Fourth Circuit reversed the convictions of six defendants because the government did not provide the defendants with a copy of the transcript of their first trial, rejecting the government's argument that a free transcript was unnecessary because the U.S. Attorney's "open file" policy provided defendants with information substantially equivalent to a transcript of the testimony of Government witnesses. In reaching its decision, the court noted the long duration of the first trial, the fact that at least one defendant was represented in the second trial by counsel who did not participate in first trial, and the passage of two months between the trials. *Id.* at 470. These factors led the court to conclude that diligent defense counsel would find value in having a transcript of the specific words of government witnesses, that those who could afford a transcript of government witness testimony

---

[2] Although grounded in the equal protection clause, which is only applicable to the States, the rule of *Britt* has been found equally applicable in federal cases under the Due Process Clause. *United States v. Talbert*, 706 F.2d 464, 469 (4th Cir. 1983).

thus would have obtained one, and, therefore, that the "equal protection concept" embodied in the Due Process Clause required a free transcript to be furnished to the indigent defendants. *Id.*

Defendant's request easily falls within the reasoning of *Talbert*. The first trial in this case lasted almost three weeks, and involved four co-defendants, complex charges, and numerous Government witnesses. The retrial will include Defendant, who was not himself—nor was his newly appointed counsel—present at the first trial. Finally, over two months has already elapsed between the trials, making it difficult for Defendant to obtain reliable accounts of the first trial through informal channels. *Compare Britt*, 404 U.S. at 229. These factors all demonstrate the value to defense counsel of a transcript of the first trial, and the inadequacy of alternative devices to fulfill the function of a transcript.

Thus, pursuant to the Due Process Clause and 28 U.S.C. §3006A(e)(1), and finding that a transcript is reasonably necessary to preparation of an adequate defense, the Court GRANTS Defendant's motion. It is hereby ORDERED that a transcript of witness testimony from the first trial in this case be prepared. The Court further AUTHORIZES Defendant to obtain a copy of the transcript as a reimburseable expense under the CJA, 28 U.S.C. §3006A(e).[3]

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion & Order to all counsel of record.

ENTERED: *Norman P Mou*
U.S. District Judge

*Feb. 13, 2006*
Date

---

[3] Defense counsel must submit necessary documentation to obtain reimbursement under the CJA. *See Instructions for CJA Form* 24, available at http://www.vawd.uscourts.gov/cja/.